# **Exhibit C**

                                                                1

 1         IN THE UNITED STATES COURT OF FEDERAL CLAIMS

 2  - - - - - - - - - - - - - - - - -x
                                     :
 3  BELL BCI COMPANY,                :
                                     :
 4          Plaintiff,                :
                                     :
 5     vs.                           : No. 03-1613C
                                     : (Judge Wolski)
 6  THE UNITED STATES OF AMERICA,    :
                                     :
 7          Defendant.               :
                                     :
 8  - - - - - - - - - - - - - - - - -x

 9                            McLean, Virginia

10                            Friday, January 28, 2005

11      Deposition of **TED M. SCOTT**, called for examination

12  by counsel for the plaintiff, pursuant to notice, at

13  the office of Robert D. Windus, Esq., Moore & Lee,

14  LLP, 1750 Tysons Boulevard, Suite 1450, McLean,

15  Virginia, before Laurel P. Platt, a Registered

16  Diplomate Reporter and a Notary Public in and for the

17  State of Virginia, beginning at 10:03 a.m., when were

18  present on behalf of the respective parties:

19

20

21

22


                    PLATT & DAWSON, INC.   703-591-0007

                                                              75

 1     Q    You agree with me that before Modification
 2  No. 93, we had one completion date, and it was tied to
 3  one liquidated damage amount for each day late.
 4     A    Correct.
 5     Q    Modification 93 established 14 individual
 6  milestones, and each milestone had a separate
 7  liquidated damage amount associated with the
 8  milestones; correct?
 9     A    Correct.
10     Q    Prior to Modification No. 93, there were no
11  interim substantial milestones that existed that were
12  tied to liquidated damages; correct?
13     A    That's correct.
14     Q    When the schedule was revised to establish 14
15  substantial completion dates for each milestone, or
16  actually one substantial completion date for the 14 --
17  let me try and rephrase that.  You know what I'm
18  trying to say.
19     A    Right.
20     **Q    When the schedule was revised to establish**
21  **the 14 milestone substantial completion dates, isn't**
22  **it true that that revised schedule then contained**


                   PLATT & DAWSON, INC.   703-591-0007

                                                           76

 1  multiple parallel critical paths to these individual

 2  substantial milestones?

 3      A    Each milestone would have had a critical path

 4  to achieve that milestone.

 5      Q    So based on that, isn't it true that any

 6  effect of changes issued after Modification 93 would

 7  need to examine the individual critical path to each

 8  milestone in order to determine whether or not

 9  excusable delay or compensable delay existed with

10  respect to each particular milestone?

11      A    That's true.

12      Q    In referencing page 77, all the way at the

13  end is a table of planned versus actual substantial

14  completion dates for each milestone.  Am I correct in

15  understanding that for each milestone under the

16  substantial completion milestone dates, it does not

17  have an asterisk on it in your table here?  You have

18  reached an opinion that Bell is solely responsible for

19  all delays to that milestone.

20      A    I did not analyze each milestone.  So I

21  didn't come to an opinion as to what the delays were

22  for each interim milestone.


                    PLATT & DAWSON, INC.   703-591-0007

77

```
 1     Q    So if I understand your testimony, for each
 2  window you established, you did not analyze the effect
 3  any change had during that window on each individual
 4  milestone.
 5     A    That's correct.
 6     Q    Your analysis instead focused solely on the
 7  effect of the final substantial completion milestone.
 8     A    That's true.
 9     Q    Well, isn't it true that you would have to
10  analyze the effect on each individual milestone to
11  determine whether or not the contractor is due an
12  excusable delay for liquidated damages for that
13  milestone?
14     A    That's correct.
15     Q    So without doing that analysis, would you
16  agree with me that you could not determine whether or
17  not the contractor is in fact due an excusable delay
18  to any of the milestones?
19     A    Other than the overall one, that's correct.
20     Q    Okay.  Now, if I understand windows -- can we
21  go off the record?
22          (Discussion off the record.)
```

PLATT & DAWSON, INC.   703-591-0007